B27 (Official Form 27) (12/09)

# United States Bankruptcy Court
### District Of ILLINOIS CHICAGO

In re ALICIA CORA PITTMAN                             Case No. 1004459
         Debtor                                       Chapter  7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name:  Wells Fargo Financial Illinois, Inc.

2. Amount of the debt subject to this reaffirmation agreement:
   $14,248.83 on the date of bankruptcy     $11,050.00 to be paid under reaffirmation agreement

3. Annual percentage rate of interest:    19.49% prior to bankruptcy
   8.00% under reaffirmation agreement ( X  Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $295.00 per month for 44 months

5. Collateral, if any, securing the debt: Current market value: $11,050.00
   Description: 03 HONDA ACCORD VIN 1HGCM82633A005405

6. Does the creditor assert that the debt is non-dischargeable? ___ Yes  X  No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is non-dischargeable.)

| Debtor's Schedule I and J Entries | Debtor's Income and Expenses as Stated on Reaffirmation Agreement |
|---|---|
| 7A. Total monthly income from $ 3674.29 Schedule I, line 16 | 7B. Monthly income from all $ 3674.29 sources after payroll deductions |
| 8A. Total monthly expenses $ 5471.50 from Schedule J, line 18 | 8B. Monthly expenses $ 5471.50 |
| 9A. Total monthly payments on $ ___ reaffirmed debts not listed on Schedule J | 9B. Total monthly payments on $ ___ reaffirmed debts not included in monthly expenses |
|  | 10B. Net monthly income $ ___ (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) |

B27 (Official Form 27) (12/09)                                                                                     Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):
   _Debtor's Mortgage is the subject of pending litigation because two mortgage_
   _corporations (banks) claim priority because of when the mortgage was_
   _sold it did not transfer. The proper amount owed on the mortgage is_
   _one half of payments scheduled._

12. Explain with specificity any difference between the expense amounts (8A and 8B):
   _____
   _____
   _____

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_/s/ Alicia_

Signature of Debtor (only required if                  Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                            required if line 11 or 12 is completed)

Other Information

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____
_____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
   ✓ Yes  ____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
   ____ Yes  ____ No

### FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

Signature  _Xhu Vang_

_Xhu Vang_/ Filer
Print/Type Name & Signer's Relation to Case

** The Creditor completed Questions 1 – 6 on this form. The Debtor(s) completed the remaining questions on this form. By signing this form, the Filer is only certifying: (1) that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties; and (2) the information in Questions 1 – 6. The Filer is not certifying the accuracy of any information supplied by the Debtor(s).

Form 240A - Reaffirmation Agreement (1/07)

☐ Presumption of Undue Hardship
☑ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
## District of ILLINOIS CHICAGO

In re ALICIA CORA PITTMAN,　　　　　　　Case No. 1004459
Debtor　　　　　　　　　　　　　　　　　Chapter 7

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☑ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)
☑ Part B: Reaffirmation Agreement
☑ Part C: Certification by Debtor's Attorney
☑ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240B - Order on Reaffirmation Agreement.]*

**Name of Creditor:** Wells Fargo Financial Illinois Inc.

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1. **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:　　　　　$11,050.00

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

**Form 240A - Reaffirmation Agreement (Cont.)** 2

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

~~a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.~~

> ~~(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.~~

> ~~--- And/Or ---~~

> ~~(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~

> ~~$_____ @ _____%;~~
> ~~$_____ @ _____%;~~
> ~~$_____ @ _____%.~~

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

> (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: <u>19.49%</u>.

> --- And/Or ---

> (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: <u>8.00%</u>. If different simple interest rates apply to different balances included in the amount reaffirmed,

**Form 240A - Reaffirmation Agreement (Cont.)** 3

the amount of each balance and the rate applicable to it are: $_____ @ _____%;
$_____ @ _____%;
$_____ @ _____%.

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

<u>Item or Type of Item</u>
03 HONDA ACCORD
VIN: 1HGCM82633A005405

<u>Original Purchase Price or Original Amount of Loan</u>
$16,252.00

*Optional—At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

~~Your first payment in the amount of _____ is due on _____, but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.~~

—Or—

~~Your payment schedule will be: \_\_\_\_\_ (number) payments in the amount of _____ each, payable monthly on the _____ (day) of each _____ (week, month, unless altered later by mutual agreement in writing.)~~

—Or—

Your payment schedule will be: _44_ payments in monthly installments of _$295.00_ commencing on _03/20/2010_ and continuing on the same day of each succeeding month.

**Form 240A - Reaffirmation Agreement (Cont.)** 4

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

Form 240A - Reaffirmation Agreement (Cont.)                                5

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Form 240A - Reaffirmation Agreement (Cont.)                                    6

PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
   Contract Type: Installment Contract; Contract Date: 06/18/2008;

   Original Credit Term: 61; Original APR: 19.49%; Original Monthly Payment: $429.34
   Original Amount Financed: $16,252.00

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:
   **This reaffirmation reduces: the balance from $14,248.83 to $11,050.00, the interest rate from 19.49% to 8.00%, and the monthly payment from $429.34 to $295.00 effective 02/05/2010.**

SIGNATURE(S):

Borrower:

*Alicia Pittman*
(Print Name)

*Alicia* (signature)
(Signature)

Date: 3/18/10

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)

Date: _____

Accepted by creditor:

Wells Fargo Financial Illinois, Inc.
(Printed Name of Creditor)

13675 Technology Drive, Bldg. C, 2nd Floor
Eden Prairie, MN 55344-2252
(Address of Creditor)

*Michelle Kneisl* (signature)
(Signature)

MICHELLE KNEISL, Bankruptcy Specialist
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance:

_____

**Form 240A - Reaffirmation Agreement (Cont.)** 7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

☑ I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: Michael V Ohlman

Signature of Debtor's Attorney: *[signature]*

Date: 3/18/2010

Form 240A - Reaffirmation Agreement (Cont.)                                                                8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship."]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ _3,674.29_, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ _5471.50_. leaving $ _____ to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _Debtor's Mortgage is subject to a pending Adversary to determine the proper mortgagee. Once the proper mortgagee is determined no presumption of undue hardship will exist._
(Use an additional page if needed for a full explanation.)

2. Provide the information requested below and then check one of the applicable paragraphs.

Schedule I Total Income = _3674.29_    Schedule J Total Expenses = _5471.50_

a. ____ There IS NOT a difference between the total income and expenses stated in Schedules I and J and the income and expenses stated in Paragraph 1 above.

b. _X_ There IS a difference between the total income and expenses stated in Schedules I and J and the income and expenses stated in Paragraph 1 above. The difference between the income and expenses stated in Schedules I and J and the income and expenses stated in Paragraph 1 above is due to the following: _Currently I am incorporating all Mortgage payments into my expenses but only one of the Mortgagees holds a valid lien on my property_

I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _/s/ Alicia_____
(Debtor)

Date: __(Joint Debtor, if any)__ _5/5/10_

---Or---

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed:_____
(Debtor)

_____
(Joint Debtor, if any)
Date:_____

# NOTE AND SECURITY AGREEMENT

**IDENTIFICATION OF PARTIES.** In this Note and Security Agreement ("Agreement" or "Loan Agreement"), the words "you" and "your" mean each Borrower who signs this Agreement; the words "we," "us," and "our" mean the Lender and its successors and assigns; and the word "Owner" means someone other than a Borrower who has an ownership interest in the Collateral (defined on page 2) and signs the Third Party Collateral Agreement on page 2.

**ADDITIONAL TERMS.** The Additional Terms that follow this page are a part of this Agreement and they bind you in the same manner as if they were printed in the first part of this Agreement.

YOUR ACCOUNT IS PAYABLE TO THE LENDER SHOWN BELOW:

Wells Fargo Financial Illinois, Inc.
4710 W. 95TH STREET
CORAL PLAZA
OAK LAWN    IL    60453
Date of Loan  06/18/2008

# ORIGINAL

Borrower (Name and Address)
ALICIA C
PITTMAN
6131 S CAMPBELL
CHICAGO    IL    60652

## FEDERAL TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE: the cost of your credit as a yearly rate. | FINANCE CHARGE: the dollar amount the credit will cost you. | Amount Financed: the amount of credit provided to you or on your behalf. | Total of Payments: the amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 19.49% | $ 9508.40 | $ 16252.00 | $ 25760.40 |

Your Payment Schedule Will Be As Follows:

| Number of Payments | Amount of Payments | Payments are Due Monthly beginning: 08/02/2008 and on the same day each month thereafter. | Final Payment Due: 07/02/2013 |
|---|---|---|---|
| 60 | $ 429.34 | | |

**Late Charge:** If any part of a payment is more than 10 days late, you will be charged a late charge equal to the greater of $10 or 5% of the full payment.

**Prepayment:** If you pay off this loan early, you will: (a) not have to pay a prepayment penalty, and (b) not be entitled to a refund of part of the prepaid finance charge.

**Security:** You are giving us a security interest in the motor vehicle described on Page 2 of this Agreement.

☐ Other Property: _____

**Additional Information:** You can see the rest of this Agreement for more information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

### ITEMIZATION OF AMOUNT FINANCED

| $ | 0.00 | Prepaid Finance Charge |
| $ | 16252.00 | Amount Financed (Sum of amounts shown below) |
| $ | 0.00 | Amount Paid on Your Accounts |
| $ | 0.00 | NA |
| $ | 0.00 | NA |
| $ | 2500.68 | Amount Paid to You Directly |

AMOUNTS PAID TO OTHERS ON YOUR BEHALF
| $ | 65.00 | To Public Officials for Recording Fees |
| $ | 13686.32 | To HSBC |

☐ When this box is checked, itemization is continued on attached addendum.
*We may be retaining a portion of this amount.

### Other Transaction Information:

| $ | 16252.00 | Principal Amount of Loan (the Amount Financed plus any Prepaid Finance Charge) |
| | 19.49 % | Rate of Interest Per Year |
| $ | 0.00 | Prepaid Finance Charge (also called Credit Investigation/Document Preparation Fee) |

Closed By: EF

**NOTICE TO CONSUMER: THIS IS A CONSUMER CREDIT TRANSACTION**

You understand that:
- You should not sign this Agreement before you read the writing on all pages, even if otherwise advised.
- You should not sign this if it contains any blank spaces.
- You are entitled to an exact copy of this and any other agreement that you sign.
- This Agreement is the entire agreement between you and us relating to this account. Any change to this Agreement must be in writing and signed by both you and us.

**SIGNATURES.** If you agree to be bound by the terms of this Agreement, please sign your name below. All persons signing this Agreement will be fully responsible for payment in full. By signing below, you are authorizing disbursement of the loan proceeds as shown above in the "Itemization of Amount Financed" box. You acknowledge receiving a completely filled-in Agreement.

**YOU ACKNOWLEDGE THE EXISTENCE OF A SEPARATE ARBITRATION AGREEMENT SIGNED CONCURRENTLY WITH THIS AGREEMENT, AND YOU SPECIFICALLY AGREE TO BE BOUND BY ITS TERMS.**

/s/ Alicia

SIGN HERE _____
SIGN HERE _____

SIGN HERE _____
SIGN HERE _____

IL-3841-0906

## ADDITIONAL TERMS

**YOUR PROMISE TO PAY AND THE TERMS OF REPAYMENT.** To repay your loan, you promise to pay us the Principal Amount of Loan together with interest at the Rate of Interest Per Year both as shown on page 1. You will pay this sum to us in United States currency at the payment address shown on your billing statement (or such other location specified by us from time to time) in installments each month according to the Payment Schedule shown on page 1. Payments received at a location other than the payment address on your billing statement may have a delay in processing. You may prepay your loan at any time prior to maturity without penalty. If you make a partial prepayment, there will not be any change in the amount of your monthly payment or delays in due dates of those payments unless we have agreed to such changes in writing. Any Prepaid Finance Charge (Credit Investigation/Document Preparation Fee) is withheld from the proceeds of your loan, is fully earned on the date of your loan and is not subject to refund.

**INTEREST-BEARING LOAN.** This is an interest-bearing loan. Except as limited by law, the interest on your loan is calculated each day based upon the principal balance of the loan outstanding from time to time, using the Rate of Interest Per Year shown on page 1, until paid in full. Interest accrues on the basis of actual days elapsed and a 365/366-day year. Payments will be applied first to any outstanding fees, then to accrued interest, and then to the principal balance. Accruing interest every day will affect the total amount of interest you pay under this Agreement and the corresponding Finance Charge – your Finance Charge will be less if you pay early and more if you pay late. Any necessary adjustments to the Total of Payments will be reflected in your final payment.

**YOU GRANT US A SECURITY INTEREST.** You give us a security interest in your property described below. This property is called "**Collateral.**" You also give us a security interest in any accessions to and proceeds of the Collateral. Accessions are goods installed in or attached to the Collateral. Proceeds are money or property due to you from the loss, destruction or sale of the Collateral. You also give us a security interest in all Proceeds or refunds related to any insurance or service contract we finance for you. The purpose of this security interest is to protect us if you don't repay your loan, including any refinance, extension, or renewal of your loan, or if you break any promise made in this Agreement.

**THE SECTION BELOW DESCRIBES THE COLLATERAL COVERED BY THIS AGREEMENT:**

[x] Motor vehicle(s) described as follows:

| Year | Make | Model | Serial Number |
|---|---|---|---|
| 2003 | Honda | Accord | 1HGCM82633A005405 |

[ ] Other property:

---

**THIRD PARTY COLLATERAL AGREEMENT**

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Owner hereby grants us a security interest in the Collateral to secure your performance under the Loan Agreement. Owner acknowledges that it has the same obligations and makes the same representations under the Loan Agreement as you with respect to the Collateral. For example, Owner has the duty to keep the Collateral insured, to provide us with evidence of insurance upon request, and to cause us to be named a loss payee on Owner's insurance policy. Also, Owner represents that Owner owns the Collateral or a part of it and that no one else, other than you, has any interest in or claim against the Collateral that has not been disclosed to us in writing. Owner assumes no personal responsibility for the payment of any amounts owed under the Loan Agreement. Owner agrees that we may, without releasing Owner from this Third Party Collateral Agreement and without notice or consent from Owner, extend additional credit to you or enter into an agreement with you to modify, extend, or waive the terms of the Loan Agreement.

| Owner Name and Address | | Owner Name and Address | |
|---|---|---|---|
| N/A | | N/A | |
| N/A     SIGN HERE | | N/A     SIGN HERE | |

---

**LATE CHARGE.** If any part of a payment is more than 10 days late, you will be charged a late charge equal to the greater of $10 or 5% of the full payment. No late charge will be assessed for a payment if a delinquency is caused only by previously incurred late charges that have not been paid and you have otherwise made a timely monthly payment of the principal, interest and all other charges currently due. Notwithstanding this, however, we may continue to report your account to credit reporting agencies as past due until such time as your payment of all amounts owed (including late charges, CPI [defined on page 3] premiums and other charges) is current.

**RETURNED CHECKS.** If a payment on this loan is made with a check or draft that is dishonored because of insufficient or uncollected funds or because no such account exists, you agree to pay us a $25 charge plus any actual expenses incurred in connection with that check or draft. We reserve the right to refuse to accept personal checks for payment on your account and to require payment by cashier's check, money order or other form of guaranteed funds.

**DEFAULT.** Subject to limitations under state or federal law, you are in Default on this Agreement ("Default") if: 1) you don't make the full amount of a required payment when due; 2) you break any promise or condition in this Agreement or in any other security instrument that secures the payment of this Agreement; 3) you provide us with false, misleading or materially incomplete information in connection with your loan application or on any document provided to us; 4) an Owner breaks a promise or condition of the Third Party Collateral Agreement; or 5) any other event occurs that in our judgment significantly decreases the likelihood of your performance or reduces our ability to benefit from the Collateral.

**REMEDIES FOR DEFAULT.** If you are in Default, you agree that subject to limitations under applicable law and without first giving you notice we can: a) require you to pay the remaining balance of this Agreement in full immediately; b) use any remedies available to us by law or this Agreement; c) make a claim for any insurance benefits or premium refunds that may be available as a result of your Default; or d) without first obtaining court approval, take possession of the Collateral wherever it may be found. We may keep the Collateral in full satisfaction of what you owe or sell the Collateral in a commercially reasonable manner. The money that we get from the sale (after paying our costs, including reasonable costs of repair) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference, unless limited by law. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else, such as a junior lienholder.

**COLLECTION COSTS.** Except as limited by law, you agree to pay us all costs and disbursements, including reasonable attorney's fees, incurred by us in legal proceedings to collect a loan or to realize on Collateral after default.

Page 2 of 4

## ADDITIONAL TERMS, Continued

**CREDIT INFORMATION** We may reexamine and reevaluate your creditworthiness at any time. To do so we may ask you for additional information, obtain your credit bureau report, contact your employer and/or otherwise verify your current credit standing. You agree to submit current financial information to us if we request it.

**ACCORD AND SATISFACTION AND IRREGULAR PAYMENTS.** We may accept late payments, partial payments, post-dated checks, or any form of payment containing a restrictive endorsement, without losing any of our rights under this Agreement. Our acceptance of checks or money orders labeled "payment in full", or words to that effect will not constitute an accord and satisfaction nor a waiver of any rights we have to receive full payment. If you intend to pay your loan in full with an amount less than the total balance we determine is owing on your loan, payment must be sent to Wells Fargo Financial Exception Items, P.O. Box 500, Chester, PA 19016 and not to the payment address indicated on your statement or payment voucher. Please note that such payments will not discharge your full debt if sent to the statement or voucher address and will do so if sent to our accord and satisfaction address only if we agree to accept your payment as such.

**YOU MUST PROTECT THE COLLATERAL.** Unless the Owner is the only person who owns the Collateral, you represent that you own the Collateral or a part of it and that no one else, other than the Owner, has any interest in or claim against the Collateral that has not been disclosed to us in writing. Unless you have our written consent, you promise: 1) not to sell, lease or give the Collateral to anyone else; 2) to keep the Collateral free from claims of others, whether or not justified (for example, forfeiture or seizure for alleged illegal acts; taxes; towing, storage or repair liens; fines; and security interests); 3) to keep the Collateral in good repair and keep it in your possession at your address indicated on page 1 of this Agreement; 4) not to take the Collateral outside the United States for more than 30 days; 5) to operate the Collateral in accord with all applicable statutes, rules and regulations; and 6) to use the Collateral only for personal, family or household purposes. If you fail to keep the Collateral free from claims of others or fail to keep the Collateral in good repair as required under this section, we may pay the claims or pay the cost to repair the Collateral (but we are not required to). When we ask you to, you will pay us the cost of any claims or repairs that we pay.

**INSURANCE ON COLLATERAL**
**YOU MUST KEEP THE COLLATERAL INSURED.** You will keep the Collateral insured against physical damage and loss until you pay this loan in full. Collision and comprehensive or all-risk insurance would satisfy this requirement. You may buy the insurance from anyone you want, but the insurance company, the amount of insurance and the deductible, which may never exceed $1,000 unless we agree otherwise, must be acceptable to us. The policy shall name us as a secured party, provide for payment to us in case of loss and require written notice to us at least 10 days before cancellation or changes to coverage. You will give us a copy of the policy or give us other proof of the required insurance acceptable to us.
**COLLATERAL PROTECTION INSURANCE.** If you fail to keep the Collateral insured as required or fail to give us proof of the required insurance acceptable to us, we may, but we are not required to, buy Collateral Protection Insurance ("CPI") to protect our interest in the Collateral. The CPI may, but need not, also protect your interest. If you have not given us proof that the required insurance was in force as of the date of this loan, the effective date of the CPI can be as early as the date of this loan, even if the certificate of insurance for the CPI is not issued until later. If you have given us proof that the required insurance was effective as of the date of this loan, the effective date of the CPI can be as early as the date the required insurance expired or was cancelled, even if the certificate of insurance for the CPI is not issued until later.
**PAYMENT FOR CPI.** You are responsible for the cost of any CPI purchased by us. If we buy CPI, we may add the premium for the CPI to the unpaid balance of your loan and increase your monthly payment to pay the premium during the remaining term of the CPI; or we may require you to pay the full premium for the CPI immediately.
**CANCELLATION OF CPI.** If we buy CPI, you may still obtain the required insurance from the insurance company or agent of your choice. If you do this and give us proof of the required insurance acceptable to us, we will cancel the CPI as of the effective date of the insurance you obtain. If your account is paid off while the CPI is in effect, we will cancel the CPI as of the date your account is paid off. If we cancel the CPI, we will credit any refund of unearned insurance premium to your account. You will remain obligated to pay any earned insurance premium.
**IT IS BETTER FOR YOU TO GET YOUR OWN INSURANCE.** If we buy CPI, it will probably be more expensive and provide less insurance protection than insurance you could obtain from the insurance company or agent of your choice. The amount the CPI will pay may be less than the unpaid balance of your loan and may be less than the full value of the Collateral. We urge you to contact an insurance agent to assist you in evaluating your own insurance needs and to advise you whether other, less expensive, insurance is available.
**LIABILITY INSURANCE COVERAGE.** Liability insurance coverage for bodily injury and property damage caused to others is not included in any CPI we may obtain under this Agreement.

**REPAIR OR REPLACEMENT OF COLLATERAL.** If any Collateral is damaged or lost, you will notify us immediately of the loss or damage. You will instruct any insurance company and anyone else liable for the damage or loss to pay any money as a result of the damage or loss (including but not limited to, insurance proceeds) to you and us jointly. Upon receipt, you agree to endorse any such payments and deliver them to us for collection. We may, at our option, either agree to use such payments for the repair or replacement of the Collateral or apply these payments to your debt under this Agreement. If we agree to use such funds for repair or replacement of the Collateral, we may release such funds to you or may hold such funds for payment directly to the vendor providing such services or selling the replacement collateral upon our satisfaction with such repair or replacement. You agree that we won't release any amount to you if you are in Default under this Agreement. If any amount is released to you, you agree that you must repair or replace the Collateral to our satisfaction and must sign any documents or do whatever else is necessary to give us a security interest in the repaired or replaced Collateral. You agree to repair or replace the property promptly.

**WAIVER AND DELAY IN ENFORCEMENT.** No failure or delay to exercise any right or remedy under this Agreement shall be a waiver of our right to exercise such right or remedy in the future. We do not have to give you notice of any waiver, delay or release. Unless applicable law provides otherwise, we may use our other legal remedies against you before we take possession of any Collateral. You will not be released from your obligations under this loan if we exchange or release any Collateral.

### ADDITIONAL TERMS, Continued

**COMMUNICATION WITH YOU.** You agree that, from time to time, we may monitor and record telephone calls regarding your account to assure the quality of our service. You also agree, in order for us to service the account or to collect any amounts you may owe, that we may from time to time make calls and send text messages to you, using prerecorded/artificial voice messages and/or through the use of an automatic dialing device, at any telephone number associated with your account, including mobile telephone numbers that could result in charges to you.

**ADDITIONAL SIGNERS.** If there is more than one Borrower on this Agreement, each of you remain responsible for this loan even if we fail to notify you that there has been a Default. A Default by one of you will be a Default by all of you. You also agree to remain responsible if we change the terms of payment or release any Collateral without notifying you. If we release any of you from the loan, the rest of you will not be released. We do not have to use our legal remedies against any one of you before we use our legal remedies against any of the rest of you. An Owner has no personal responsibility for the payment of any amounts owed under this Agreement. If any Borrower or Owner dies or is discharged from liability under the United States Bankruptcy Code or similar law, you will still be liable for this loan. A court decree for divorce or separation or a non-court mutual agreement does not affect our ability to enforce this Agreement or collect the outstanding amount owing against all jointly liable parties if we were not a party to the decree or agreement.

**STATE LAW.** The laws of _____ Illinois _____ govern this loan and Agreement.

**INFORMATION REPORTED TO CREDIT BUREAUS.** If you believe we have reported incorrect information about your account to a credit bureau, you may notify us by writing to us at Wells Fargo Financial, Wharf at Rivertown, 2501 Seaport Drive, Suite 300, Chester, PA 19013-1510, Attention: Customer Service Support. Please include your account number and a description of the information that is incorrect.

---

☐ If this box is checked, the Amount Financed on Page 1 of this Agreement is $25,000 or less, and the goods purchased with this loan will be used for personal, family or household purposes, the following Notice applies:

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

Internal Use Only

Control Number:    100000598984

# CERTIFICATE OF TITLE OF A VEHICLE

Document Page 15

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 1HGCM82633A005405 | 2003 | HONDA | ACCORD EX | COUPE | X8294063007 |
| 1HGCM82633A005405 | | | | | |

| DATE ISSUED | ODOMETER | CCM | PURCHASED | | PURCHASE DATE |
|---|---|---|---|---|---|
| 10/20/08 | 63072 | | USED | | 08/08/06 |
| | 63072 | | | | |

MOBILE HOME SQ. FT.

TYPE OF TITLE
CORRECTED

MAILING ADDRESS

WELLS FARGO FINANCIAL
PO BOX 250
ESSINGTON PA 19029-0250

LEGEND(S)

ACTUAL MILEAGE

OWNER(S) NAME AND ADDRESS
ALICIA C PITTMAN
8131 CAMPBELL
CHICAGO IL 60652

FIRST LIENHOLDER NAME AND ADDRESS
WELLS FARGO FINANCIAL
PO BOX 250
ESSINGTON PA 19029-0250

SECOND LIENHOLDER NAME AND ADDRESS

RELEASE OF LIEN
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

_____ By _____ Date _____
Firm Name                Signature of Authorized Agent

_____ By _____ Date _____
Firm Name                Signature of Authorized Agent

NEW LIEN ASSIGNMENT: The information below must be on an application for title and presented to the Secretary of State.
Secured Party:                                    Address:

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

ASSIGNMENT OF TITLE
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

▶ ODOMETER READING [NO TENTHS]
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
WARNING-ODOMETER DISCREPANCY.

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application."

Signature(s) of Seller(s) _____
Printed Name(s) of Seller(s) _____ DATE OF SALE _____
I am aware of the above odometer certification made by seller.
Signature(s) of Buyer(s) _____ Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

CONTROL NO. G7302930

*Jesse White*
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.

---

MUST BE COMPLETED BY SELLER

DO NOT DETACH UNTIL SOLD
NOTICE OF SALE

SEE INSTRUCTIONS ON REVERSE

| HONDA | 2003 | 1HGCM82633A005405 | |
|---|---|---|---|
| Vehicle Make | Vehicle Year | Vehicle Identification Number (VIN) | Date |

Name of Seller (Current Registered Owner) _____ Name of Buyer _____

Complete Address of Seller _____ Complete Address of Buyer _____

City _____ State _____ ZIP _____ City _____ State _____ ZIP _____

Under penalties of perjury, I hereby certify that the foregoing is true and correct under the laws of the United States.